# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORIE ANN WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:17-cv-00656-SAB<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 10) |

　　　　Plaintiff Lorie Ann Williams filed a complaint on May 11, 2017, challenging the Commissioner of Social Security's denial of her application for benefits.  On June 6, 2017, the summonses (including USM-285 forms to request service by the United States Marshal), informational order for pro se litigants, and scheduling order were filed and served on Plaintiff.  (ECF Nos. 6, 7, 8.)  Plaintiff was provided with directions on how to effect service of the complaint and was ordered to serve the summonses in this action within twenty days and to file a notice of service of the complaint.  (ECF No. 6:2:1-2:12; ECF No. 8 at 1:24-2:2.)  On June 22, 2017, Plaintiff consented to the jurisdiction of the United States Magistrate Judge.

　　　　Plaintiff did not return the USM forms or file a proof of service as required by the scheduling order.  On July 10, 2017, an order issued requiring Plaintiff to notify the Court of the status of service of this action within five days.  (ECF No. 10.)  More than five days have passed and Plaintiff has not filed a notice of the status of service or otherwise responded to the Court's

1 order.

2 Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these
3 Rules or with any order of the Court may be grounds for imposition by the Court of any and all
4 sanctions . . . within the inherent power of the Court." The Court has the inherent power to
5 control its docket and may, in the exercise of that power, impose sanctions where appropriate,
6 including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.
7 2000).

8 A court may dismiss an action based on a party's failure to prosecute an action, failure to
9 obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52,
10 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
11 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
12 complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
13 comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.
14 United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
15 with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
16 of prosecution and failure to comply with local rules).

17 In determining whether to dismiss an action for failure to comply with a pretrial order,
18 the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the
19 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
20 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
21 sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226
22 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in
23 deciding what to do, and are not conditions that must be met in order for a court to take action.
24 Id. (citation omitted).

25 In this instance the public's interest in expeditious resolution of the litigation and the
26 Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine
27 (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to serve the
28 defendant in this action within twenty days and to promptly file a proof of service. When

1 Plaintiff did not comply with the scheduling order, she was ordered to file a notice of the status
2 of service within five days. Plaintiff has neither filed a notice of status of service, proof of
3 service, or requested service of the complaint by the United States Marshal nor otherwise
4 responded to the Court's order. Plaintiff's failure to comply with the orders of the Court hinders
5 the Court's ability to move this action towards disposition, and indicates that Plaintiff does not
6 intend to diligently litigate this action.

7 Since it appears that Plaintiff does not intend to litigate this action diligently there arises a
8 rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447,
9 1452-53 (9th Cir. 1994). This risk of prejudice may be rebutted if Plaintiff offers an excuse for
10 the delay. In re Eisen, 31 F.3d at 1453. Since Plaintiff has not complied with or responded to
11 the orders of this Court, the Court finds that the risk of prejudice to the defendant also weighs in
12 favor of dismissal.

13 The public policy in favor of deciding cases on their merits is greatly outweighed by the
14 factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. This
15 action can proceed no further without Plaintiff's cooperation and compliance with the orders at
16 issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this
17 instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

18 Finally, a court's warning to a party that their failure to obey the court's order will result
19 in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262;
20 Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's June 6, 2017 orders informed
21 Plaintiff that her action could be dismissed if she failed to comply with the local rules, federal
22 rules, or a court order, including the scheduling orders. (ECF No. 6 at 7:26-28; ECF No. 8 at 23-
23 24; ECF No. 10 at 2:1-2.) Plaintiff has received adequate warning that her failure to comply
24 with orders of the Court will result in the dismissal of this action.

25 / / /
26 / / /
27 / / /
28 / / /

1   Based on the foregoing, IT IS HEREBY ORDERED that this action is DISMISSED
2 without prejudice for Plaintiff's failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated: **July 27, 2017**

UNITED STATES MAGISTRATE JUDGE